```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ALBERTHA WRAY-DAVIS,

                         Plaintiff,                         ORDER

        -against-                                           16-CV-1618 (NGG) (CLP)

NEW YORK METHODIST HOSPITAL,

                         Defendant.
----------------------------------------------------------X
```
NICHOLAS G. GARAUFIS, United States District Judge.

On March 28, 2016, pro se Plaintiff Albertha Wray-Davis filed this action against Defendant New York Methodist Hospital, seeking $750 million in damages for medical malpractice. (Compl. (Dkt. 1).) Plaintiff also filed a motion for leave to proceed in forma pauperis. (Dkt. 2.) The court grants Plaintiff's motion for leave to appear in forma pauperis for the purpose of this Order. However, for the following reasons, the court DISMISSES Plaintiff's complaint for lack of subject-matter jurisdiction.

I. BACKGROUND

Plaintiff alleges that on January 1, 2016, she was sent to the emergency room at New York Methodist Hospital because her "blood pressure was elevated at 230/120." (Compl. at 2.) Upon arrival she was told to remove her clothes, which she refused to do. (Id.) Plaintiff alleges that security was called to hold her down and that she was medicated with an injection. (Id.) Plaintiff further claims that she was involuntarily admitted to the hospital, held there for five days against her will, and forcibly medicated. (Id. at 2-4.)

Plaintiff claims medical malpractice and violation of her patient's rights. (Id. at 5.) Specifically, Plaintiff alleges that she was given medication for Parkinson's disease, which she does not have, as well as other medications not associated with high blood pressure, all of which

1

have caused significant side effects and have required follow-up care. (Id.) Plaintiff maintains that she was not allowed to leave the hospital or refuse the medication while she was there. (Id.)

## II. STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Iqbal, 556 U.S. at 678). In addition, pro se complaints are "to be liberally construed," Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that they suggest," Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). The court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Additionally, if the court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal court are courts of limited jurisdiction and may not preside over cases if they lack subject-matter jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). The statutory grants of federal subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for "federal-question" jurisdiction, and § 1332, which provides for jurisdiction based on "diversity of citizenship." A plaintiff properly invokes federal-question jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. 28 U.S.C. § 1331. She properly invokes diversity jurisdiction when she presents

2

a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See id. § 1332(a); Arbaugh v. Y & H Corp, 546 U.S. 500, 513 (2006) (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)).

"[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Moreover, "[w]here jurisdiction is lacking, . . . dismissal is mandatory." Id.; see also Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

Plaintiff attempts to invoke the court's jurisdiction pursuant to "corporation," (Comp. at 1), which is not a proper basis for jurisdiction. Furthermore, Plaintiff has failed to establish any other basis for the court's jurisdiction over her claims.

First, the Complaint suggests no basis for federal-question jurisdiction, as Plaintiff is not suing under the Constitution or any federal laws. Cf. 28 U.S.C. § 1331. Instead, Plaintiff alleges malpractice, which is a state law claim. See Obunugafor v. Borchert, No. 01-CV-3125 (WK), 2001 WL 1255929, at *2 (S.D.N.Y. Oct. 19, 2001) ("Plaintiff's claim for negligence or medical malpractice is a state claim and is neither created by federal law nor necessarily depends on the resolution of a substantial question of federal law.").

Even if the court were to liberally construe the Complaint as alleging a violation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983, such a claim would fail, because § 1983 requires state action. See Fabrikant v. French, 691 F.3d 193, 206 (2d Cir. 2012) ("[A] litigant claiming that his constitutional rights have been violated must first establish that the challenged

3

conduct constitutes state action." (internal quotation marks and citation omitted)). Because Defendant is a private institution,[1] Plaintiff may not pursue a claim against Defendant under § 1983. Nor may Plaintiff pursue a claim against the state for the actions alleged in the Complaint. See McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014) (holding that "the forcible medication and hospitalization [of a plaintiff] by private health care providers can[not] fairly be attributed to the state" for purposes of § 1983), cert. denied, 135 S.Ct. 1703 (2015) (Mem).

Plaintiff does not invoke the court's diversity jurisdiction, and, in any event, the addresses provided by Plaintiff indicate that both parties are domiciled in New York. (See Civil Cover Sheet (Compl. Ex. A (Dkt. 1-1)) at 1.) As such, there is no diversity of citizenship that would confer diversity jurisdiction. See Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 325 (2d Cir. 2001) (holding that 28 U.S.C. § 1332 mandates complete diversity). Because the court lacks federal-question or diversity jurisdiction, and thus lacks subject-matter jurisdiction, "dismissal is mandatory." Ruhrgas, 526 U.S. at 583.

---

[1] See NYM Governance, http://www.nym.org/About-Us/Board-of-Trustees.aspx (last visited Apr. 6, 2016). "A court may take judicial notice of a website." Small v. N.Y.C. Transit Auth., No. 03-CV-2139 (SLT) (MDG), 2014 WL 1236619, at *6 n.2 (E.D.N.Y. Mar. 25, 2014) (citing United States v. Akinrosotu, 637 F.3d 165, 168 (2d Cir. 2011)).

## IV. CONCLUSION

For the reasons set forth above, the court DISMISSES the Complaint, without prejudice, for lack of subject-matter jurisdiction. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 445-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 6, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge